## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 26 2020, 9:21 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald C. Swanson, Jr.
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Samantha M. Sumcad
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Marcus T. Govan, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | February 26, 2020 <br><br> Court of Appeals Case No. 19A-CR-1880 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable David M. Zent, Judge <br><br> Trial Court Cause No. 02D05-1809-F3-56 |

**Vaidik, Judge.**

[1] Marcus T. Govan was convicted of Level 3 felony rape (sexual intercourse), Level 3 felony attempted rape ("other sexual conduct"), Level 6 felony

domestic battery, and Level 6 felony strangulation for raping, beating, and strangling the mother of one of his children, and the trial court sentenced him to thirty years. Govan now appeals, arguing that the evidence is insufficient to support his convictions.

[2] Govan acknowledges that the victim testified that he raped, beat, and strangled her. However, Govan claims that the testimony should not be believed because other parts of the victim's testimony (such as how much she drank that night and what time he came to her house) were "contradicted" by the testimony of other witnesses. Appellant's Br. p. 11. Although Govan claims that he is not asking us to judge the credibility of the victim, he is doing precisely that. The jury, not us, determines "not only whom to believe, but also what portions of conflicting testimony to believe." *Perry v. State*, 78 N.E.3d 1, 8 (Ind. Ct. App. 2017). During closing argument, defense counsel highlighted some of the inconsistencies and argued that the victim wasn't telling the truth. Believing the victim, the jury found Govan guilty. Because we cannot second guess that credibility determination, we affirm his convictions.

[3] Affirmed.

Najam, J., and Tavitas, J., concur.